UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23791-Civ-WILLIAMS/TORRES

SOHO BOUTIQUE TIMES SQUARE LLC,

      Plaintiff,

v.

DAVID DAVUTOGLU, HANNA KARCHO,
and REMO POLSELLI,

      Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'**
**MOTION TO DISMISS AND MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on Defendants' motion to dismiss the complaint, [D.E. 94], and Defendants' motion for a default judgment, [D.E. 95]. Plaintiff has not responded in opposition to either motion and the time to do so has since passed. Accordingly, the motions are now ripe for disposition. After careful consideration of the motions, the relevant authorities, and the record presented, Defendants' motion to dismiss should be **GRANTED** and Defendants' motion for a final default judgment should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] The Honorable Kathleen M. Williams referred these motions to the Undersigned Magistrate Judge for a report and recommendation. [D.E. 96].

## I.   BACKGROUND

### A.   *Procedural background.*

Soho Boutique initiated this lawsuit almost two years ago when it filed a six-count complaint against Defendants for alleged conduct relating to the purchase of ownership interests in a Manhattan hotel.  [D.E. 1].[2]  In response, two of the Defendants – Karcho & Davutoglu – filed eight counterclaims.  [D.E. 61].

On August 16, 2021, Soho Boutique discharged its lawyers.  [D.E. 85].  Soho Boutique's counsel moved to withdraw from this case the following day.  *Id*.  Because it is well-established that a company cannot appear *pro se* in federal court, the Court required Soho Boutique to retain substitute counsel by September 10, 2021, when it granted the motion to withdraw.  [D.E. 87].  Soho Boutique was also advised that its failure to retain substitute counsel could result in an order of default.  *Id*.

After Soho Boutique failed to timely retain substitute counsel, the Court entered an order of default against it.  [D.E. 91].  Notwithstanding service of that Order and the passage of time, a motion to vacate the default was never filed.  Relying on that default, Defendants now seek to dismiss with prejudice Soho Boutique's complaint and obtain a default judgment against Soho Boutique with respect to Karcho & Davutoglu's counterclaims.

---

[2]   The complaint seeks (1) declaratory relief regarding the ownership of 45th Street Hotel, (2) damages for breach of the 2019 operating agreement, (3) damages for breach of the 2020 purchase agreement, (4) damages for breach of the 2020 capital contribution agreement, (5) damages for negligent misrepresentation, and (6) specific performance.

B.     *<u>Factual background.</u>*

Just around the corner from New York City's famous Times Square is an old building known as the Night Hotel. In 2018, 45th Street Hotel, a New York limited liability company that held the leasehold rights to this building, operated the Night Hotel. At that time, Karcho & Davutoglu each owned a 50% interest in 45th Street Hotel, making them the sole owners of the company.

That ownership structure changed in 2019 after Soho Boutique paid $1,500,000.00 to acquire a 50% interest in 45th Street Hotel, thereby gaining 25% from Karcho & Davutoglu respectively. But, like any hospitality business, the company was not without its debts.

Prior to the inclusion of Soho Boutique, 45th Street Hotel obtained a $2,000,000.00 loan from Lion Financial (the "Lion Loan") that was personally guaranteed by Karcho. The Lion Loan required, among other things, that 45th Street Hotel maintain its leasehold rights and keep the Night Hotel operational. Complicating matters, 45th Street Hotel had various other outstanding liabilities – collectively exceeding $1,300,000.00 – that were due to the landlord, state and local governments, third-party vendors, the employee union, and others. In sum, after Soho Boutique acquired its 50% interest in 45th Street Hotel, it was fair to say that the company would benefit from a capital infusion to avoid certain legal troubles (e.g., eviction) and to maintain its relationships with third-party vendors. It was in this precarious financial environment that Soho Boutique's fraud began to take shape.

Soho Boutique represented to Karcho & Davutoglu in early 2020 that, having recently secured a new investor from Spain and gained access to a substantial credit line, it had the financial wherewithal to immediately satisfy 45th Street Hotel's indebtedness and assume the unpaid balance of the Lion Loan. In exchange for making a capital contribution sufficient to pay off the company's debts, however, Soho Boutique wanted a greater share of the company – specifically, all of it.

To that end, on March 18, 2020, Soho Boutique, Karcho, and Davutoglu entered into two agreements designed to give Soho Boutique full control of 45th Street Hotel: (1) a capital contribution agreement that purported to serve as an amendment to 45th Street Hotel's operating agreement (the "Capital Contribution Agreement"); and (2) a membership interest purchase agreement designed to transfer all of Karcho & Davutoglu's remaining interest in 45th Street Hotel to Soho Boutique (the "Purchase Agreement").

In essence, the Purchase Agreement reflected that Soho Boutique offered to pay $1,800,000.00 (or $36,000.00 for every 1% interest in the company) to acquire Karcho & Davutoglu's remaining 50% interest in 45th Street Hotel. But the mechanics of the exchange were not so straightforward. Through the Capital Contribution Agreement, Soho Boutique was obligated to make capital contributions to 45th Street Hotel that were to be used exclusively for the payment of certain debts. Because Soho Boutique was not responsible for debts accrued by 45th Street Hotel before it became a member in the company (and because Soho Boutique was responsible for only 50% of post-membership debts accrued), any capital contribution

4

made by Soho Boutique to satisfy a pre-membership debt or more than 50% of a post-membership debt would garner Soho Boutique a greater interest in the company. More precisely, for every $36,000.00 of excessive capital contribution made, Soho Boutique was entitled by the Capital Contribution Agreement to acquire a 1% interest in 45th Street Hotel from Karcho & Davutoglu. Therefore, these contributions essentially acted as a credit against the $1,800,000.00 purchase price.

The Purchase Agreement further established that Karcho & Davutoglu were obligated to deliver certain documents at closing. For example, Karcho & Davutoglu were required to deliver completed "Vendor's Confirmation" forms, which established (1) that any debt previously owed to the vendor had been satisfied and (2) that the vendor was willing to continue working with 45th Street Hotel after Soho Boutique's full acquisition of the company. Should Karcho & Davutoglu fail to deliver these Vendor's Confirmation forms (or any of the other "Necessary Closing Documents") at closing, the Purchase Agreement gave Soho Boutique the option to acquire Karcho & Davutoglu's remaining 50% interest *for only $100.00*.[3]

But Soho Boutique never made (nor intended to make) the immediate capital contributions contemplated by the Capital Contribution Agreement. And one of the obvious consequences of this failure, for example, was that 45th Street Hotel's unpaid

---

[3] The counterclaims allege that the intent behind this provision was purportedly to provide Soho Boutique with a remedy if Karcho & Davutoglu failed to use Soho Boutique's capital contributions to pay off the debts identified by the Capital Contribution Agreement. As Soho Boutique has defaulted on those counterclaims, the facts relied upon here are based on well-pleaded and plausible factual allegations in the counterclaims.

vendors remained unpaid. Thus, Karcho & Davutoglu were effectively precluded by Soho Boutique from delivering the necessary Vendor's Confirmation forms at closing, which in turn gave Soho Boutique the option to purchase a 50% interest in 45th Street Hotel for less than pennies on the dollar. Put differently, Soho Boutique's proffered capital contribution was merely a ruse to fraudulently induce Karcho & Davutoglu to enter into agreements wherein Soho Boutique could engineer the $100.00 acquisition of a 50% stake in 45th Street Hotel.

Following the execution of the agreements on March 18, 2020, Soho Boutique began to hold itself out as the sole owner of 45th Street Hotel. Nevertheless, the company's debts remained unpaid, and, within a year, Soho Boutique caused 45th Street Hotel to surrender its leasehold rights to the landlord in satisfaction of the unpaid debt. The Night Hotel was closed, and this litigation ensued.

## II. APPLICABLE PRINCIPLES OF LAW

### A. *Involuntary Dismissal.*

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or otherwise comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Unless stated otherwise, an involuntary dismissal under Rule 41(b) operates as "an adjudication on the merits" and is, therefore, a dismissal with prejudice. Fed. R. Civ. P. 41(b); *see also Vinson v. Koch Foods of Ala., LLC*, 12 F.4th 1270, 1278 (11th Cir. 2021) ("[D]ismissals with prejudice, even voluntarily, are adjudications on the merits.").

### B. *Default judgment.*

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that

7

amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004). Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should take place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### III.   ANALYSIS

Because Defendants' motion to dismiss is straightforward, the Court will briefly address this issue before turning to the merits of Karcho & Davutoglu's motion for default judgment because the latter issues are not as simple.

#### A.   *Involuntary dismissal.*

Since this Court granted the withdrawal of Plaintiff's counsel last August, Plaintiff has failed to obtain substitute counsel or otherwise prosecute the case despite this Court's warnings regarding the consequences of such neglect. Nor has Plaintiff moved to vacate the default or otherwise demonstrate any intent to prosecute its claims or defend against the counterclaims. So, Rule 41(b) prescribes the consequences that follow, and the Court finds that an involuntary dismissal under Rule 41(b) is warranted here. *See* Fed. R. Civ. P. 41(b).

The record in this case fully supports dismissal with prejudice because the record reflects a willful and contumacious disregard of the Court's Orders and Rules. Given counsel's withdrawal, and the Court's directions to the unrepresented client to retain substitute counsel and prosecute the action, the Court readily finds that Plaintiff is responsible for its own violations of the Court's Orders and Rules. And given the passage of time and the continued failure to cure such non-compliance, the Court also finds that at this point no other remedy is available other than dismissal of the complaint. *See, e.g., Jones v. Graham,* 709 F.2d 1457, 1462 (11th Cir. 1983) (affirming dismissal with prejudice under Rule 41(b) where "court was entitled to consider . . . the long pattern of conduct which amounted to want of prosecution and several failures by plaintiffs to obey court rules and orders."); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (affirming dismissal with prejudice where "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.").

Accordingly, the Court recommends that Plaintiff's complaint be dismissed with prejudice.

### B.     *Default judgment.*

Karcho & Davutoglu have filed eight counterclaims in this action. They seek: (1) a declaratory judgment regarding the ownership of 45th Street Hotel in light of the agreements executed on March 18, 2022; (2) damages for Soho Boutique's breach of the Purchase Agreement; (3) damages for Soho Boutique's breach of the Capital Contribution Agreement; (4) damages for Soho Boutique's breach of the duty of good

faith and fair dealing implied by the agreements executed on March 18, 2022; (5) damages for Soho Boutique's fraudulent inducement; (6) damages for Soho Boutique's breach of the fiduciary duties imposed on it by 45 Street Hotel's 2019 operating agreement; (7) recission of the agreements executed on March 18, 2022, which is sought as an alternative to a declaratory judgment; and (8) damages for Soho Boutique's unjust enrichment.

The Court has little trouble finding that each of the eight counterclaims is sufficiently pled to allow for the entry of a default judgment against Soho Boutique. Indeed, even Karcho & Davutoglu's fraud-based claims easily withstand the scrutiny required by Federal Rule of Civil Procedure 9. The real difficultly here concerns fashioning the proper remedy in light of the record available to the Court.

### 1. *Fraudulent inducement, declaratory relief, and recission.*

To begin, the Court finds that Soho Boutique fraudulently induced Karcho & Davutoglu to execute the Purchase Agreement and the Capital Contribution Agreement. "A cause of action for fraud in the inducement contains four elements: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808-09 (11th Cir. 2010) (applying Florida law) (internal quotations omitted).

Here, the counterclaims sufficiently allege that Soho Boutique, through its identified agents, knowingly made false statements to Karcho & Davutoglu

10

concerning Soho Boutique's intent to make capital contributions to 45th Street Hotel that would be sufficient to satisfy the company's outstanding debts at a time when the company was experiencing significant financial pressure.  In doing so, Soho Boutique intended for Karcho & Davutoglu to rely on that representation so as to induce their acquiescence to the agreements executed on March 18, 2020.  Karcho & Davutoglu relied on these representations to their detriment and have sustained an injury from Soho Boutique's fraud, however, the remedy available to them is not as broad as they suggest (i.e., Karcho & Davutoglu are not entitled to $3,800,000.00 in damages).

In the Court's view, the proper remedy for this fraud is recission of these agreements because Karcho & Davutoglu lack an adequate remedy at law.  They are entitled, however, to additional consequential damages tied to the legal fees and expenses that they have incurred as a result of Soho Boutique's fraudulent scheme.

Unlike a straightforward membership interest purchase agreement where money is paid to the seller in exchange for the seller's interest in the company, Karcho & Davutoglu did not expect to receive the offered purchase price (i.e., $1,800,000.00) in exchange for their 50% interest in 45th Street Hotel.  By contrast, the attractive feature of these agreements – the feature that Soho Boutique decidedly exploited to induce Karcho & Davutoglu's acquiescence – was Soho Boutique's stated intention to increase its interest in 45th Street Hotel by financing payments to 45th Street Hotel's creditors, not its members, and thereby stave off potentially severe legal and financial consequences for Karcho & Davutoglu.  In her affidavit filed in support of her motion

11

for default judgment, Karcho states that she and Davutoglu have sustained $3,800,000.00 in damages as a result of Soho Boutique's fraudulent actions, but that simply cannot be because Soho Boutique's fraudulent actions did not cause 45th Street Hotel to accrue more than $1,300,000.00 in unpaid debts to its landlord, vendors, and others. Moreover, Soho Boutique did not cause the Lion Loan to be issued to 45th Street Hotel and it did not cause Karcho to personally guarantee the Lion Loan's repayment. These are not damages that flowed from Soho Boutique's fraudulent inducement; they are pre-existing debts owed by 45th Street Hotel.

The only damages caused by Soho Boutique's fraudulent inducement that are supported by this record is the $171,013.63 in legal fees and costs that Karcho & Davutoglu have incurred through this litigation. And such consequential damages are clearly an inadequate remedy for the harm sustained by Karcho & Davutoglu as a result of Soho Boutique's fraud because they fail to make Karcho & Davutoglu whole. As such, the Court finds that the appropriate remedy on this record is (1) to rescind the Purchase Agreement and the Capital Contribution Agreement, (2) award consequential damages in an amount equal to $171,013.63, and (3) declare that 45th Street Hotel's ownership structure is consistent with the structure defined by the company's 2019 operating agreement, to wit: it is owned by Soho Boutique (50%), Karcho (25%), and Davutoglu (25%).

## 2. *Remaining claims.*

Having determined that recission of the agreements executed on March 18, 2020, is the appropriate remedy on this record, consideration of the remaining claims

associated with those agreements becomes something of an academic exercise. To be clear, the record fully supports a finding that Soho Boutique breached these agreements, breached its implied duty of good faith and fair dealing, breached its fiduciary duties, and was unjustly enriched by intentionally withholding the relevant capital contributions. Nevertheless, the damages that flow from these claims are not distinct from Karcho & Davutoglu's fraudulent inducement claim.

Put differently, this record indicates that the compensable harm attributable to Soho Boutique's breaches is limited to the legal fees and costs incurred (i.e., $171,013.63) and the law will not permit double recovery for more than this amount. *See, e.g., Soltero v. Swire Development Sales, Inc.*, No 08-cv-20260, 2010 WL 11506701, at *6 (S.D. Fla. Apr. 19, 2010) ("[D]ouble recovery based upon the same element of damages is prohibited[.]") (quoting *Besett v. Dasnett*, 437 So.2d 172, 173 (Fla. 2d DCA 1983)).

And the most direct remedy for the contractual and breach of fiduciary duty claims is to return Karcho & Davutoglu to the position they were in prior to Soho Boutique's breaches and failure to satisfy the debts that were the subject of those agreements. *See, e.g., City of Schenectady v. Edison Exploratorium, Inc.*, 147 A.D.3d 1264, 1265, 48 N.Y.S.3d 795, 797 (App. Dep't 2017) ("Rescission of a contract is permitted for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual or technical breach, but, as a general rule, only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract.").

Indeed, Soho Boutique's breaches undermined the essential nature of the transactions contemplated by those agreements. Soho Boutique purchased control of the property on the representation that it would satisfy and/or resolve the hotel's preexisting debts. But by failing to deliver on that essential predicate for control, Soho Boutique can no longer retain the benefit of that bargain. And a money judgment would not suffice precisely because undergoing collection efforts on that judgment while Soho Boutique retained control over the property would leave Defendants with a very hollow recovery. At the same time, by undertaking this more direct and expansive remedy, Defendants likewise cannot retain the benefit of that same bargain by recovery of a money judgment as well as rescission of the agreements.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint should be **GRANTED** and Defendants' motion for default judgment should be **GRANTED in part** and **DENIED in part** as follows:

1. Default judgment should be entered as to liability on all of Karcho & Davutoglu's counterclaims;

2. The agreements executed on March 18, 2020, should be rescinded, Karcho & Davutoglu should be awarded consequential damages in an amount equal to $171,013.63, and the Court should declare that Karcho & Davutoglu each own a 25% interest in 45th Street Hotel, LLC; and

3. Karcho & Davutoglu's request for damages equal to $3,800,000.00

should be denied.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of May, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge