UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-23791-WILLIAMS

SOHO BOUTIQUE TIMES SQUARE LLC,

    Plaintiff,

v.

DAVID DAVUTOGLU, HANNA KARCHO,
and REMO POLSELLI,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation ("Report") (DE 97) on Defendants' Motion to Dismiss (DE 94) the Complaint (DE 1) and Defendants/Counter-Plaintiffs David Davutoglu's and Hanna Karcho's (the "Counter-Plaintiffs'") Motion for Default Judgment (DE 95). No objections were filed to the Report, which recommends the Court grant Defendants' Motion to Dismiss (DE 94) and grant in part and deny in part Counter-Plaintiffs' Motion for Default Judgment (DE 95) on Counter-Plaintiffs' Counterclaims. Further, Plaintiff/Counter-Defendant did respond to either underlying Motion. Upon a careful review of the Report, the Motions, and the record, it is **ORDERED AND ADJUDGED** that:

1. Judge Torres' Report (DE 97) is **AFFIRMED IN PART AND ADOPTED IN PART**.

2. Defendants' Motion to Dismiss (DE 94) is **GRANTED** and Plaintiff's Complaint (DE 1) is **DISMISSED WITH PREJUDICE**.

3. Counter-Plaintiffs' Motion for Default Judgment (DE 95) is **GRANTED IN PART AND DENIED IN PART**, as follows:

   a. The Motion is **GRANTED** with respect to the request for default judgment, and the Court will separately enter an order of final default judgment against Plaintiff/Counter-Defendant Soho Boutique Times Square LLC in favor of Counter-Plaintiffs David Davutoglu and Hanna Karcho on all counterclaims.

   b. The agreements executed on March 18, 2020 (the "Membership Purchase Agreement" and "Capital Contribution Agreement & Modification to Operating Agreement" (DE 95 at 4–5)), are rescinded.

   c. Counter-Plaintiffs Davutoglu's and Karcho's request for damages equal to $3,800.000.00 is **DENIED**. The Court finds that Counter-Plaintiffs Davutoglu and Karcho each own a twenty-five percent (25%) and Plaintiff owns a fifty percent (50%) interest in 45th Street Hotel, LLC.

   d. The Court affirms the Report to the extent that attorneys' fees and costs incurred in connection with litigating this matter should be awarded to Counter-Plaintiffs Davutoglu and Karcho, as the prevailing Parties. However, the Court declines to adopt and affirm the Report regarding the specific amount of the attorneys' fees identified as consequential damages. The proper vehicle for attorneys' fees in this matter is a motion for attorneys' fees and/or non-taxable expenses and costs. Accordingly, Counter-Plaintiffs Davutoglu and Karcho may file a motion for attorneys' fee and/or non-taxable expenses and costs **WITHIN SIXTY (60) DAYS**

    of the date of this Order. The motion must comply with Local Rule 7.3. S.D. Fla. Loc. R. 7.3.

e. After the Court enters its order of final default judgment against Plaintiff/Counter-Defendant Soho Boutqiue Times Square LLC, the Clerk is directed to close the case. The Court will reserve jurisdiction to determine any post-judgment motion, including but not limited to Counter-Plaintiffs Davutoglu's and Karcho's motion for attorneys' fee and/or non-taxable expenses and costs.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 1st day of July, 2022.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: Soho Boutique Times Square LLC
15 North Mill Street
Nyack, NY 10960
Email: aarmenteros@sohoteles.com